SCHIFF HARDIN LLP
Eliot S. Jubelirer (Bar No. 061654)
ejubelirer@schiffhardin.com
Grayson W. (Trey) Marshall, III (Bar No. 280409)
tmarshall@schiffhardin.com
One Market Plaza, Spear Tower
Thirty-Second Floor
San Francisco, CA  94105
Telephone:    415.901.8700
Facsimile:     415.901.8701

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TERELL GRAY,<br><br>            Plaintiff,<br><br>v.<br><br>APPLE, INCORPORATED, et al.,<br><br>            Defendants. | Case No.  3:16-cv-04421-TEH<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT APPLE INC'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Date:        November 7, 2015<br>Time:       10:00 a.m.<br>Ctrm:       2, 17th Floor<br>Judge:      Hon. Thelton E. Henderson |

Defendant Apple Inc. respectfully submits this memorandum of law in support of its motion to dismiss the First Amended Complaint ("FAC") of Terrell Gray ("Plaintiff") in its entirety, pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6).

//

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT APPLE INC'S MOTION DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

I.  **PRELIMINARY STATEMENT**

Plaintiff filed his complaint against Apple Inc., Kelly Dorgan, Greg Hopson, the City of Berkeley, the Berkeley Police Department, and Timothy Kaplan on December 23, 2013. Dorgan and Hopson were Apple store employees at the time of the alleged incident. Kaplan is a Berkeley police officer. On March 11, 2014, Plaintiff filed a First Amended Complaint against the same defendants. Plaintiff alleges that he was discriminated against by the defendants when he attempted to return a MacBook Pro with a cracked screen to the Apple store in Berkeley, California. According to Plaintiff's FAC, the Apple employees believed that Plaintiff had stolen the MacBook Pro.[1] Therefore, they refused to accept the return and called the police. The police arrested Plaintiff, and he was institutionalized at a psychiatric facility.[2] Immediately after his first release from the mental health facility, Plaintiff returned to the Berkeley Apple store and was again arrested and institutionalized. Plaintiff specifically alleges violations of his rights under 42 U.S.C. §§ 1981, 1982, 1983, and 1985(3). In addition, the FAC contains several other unsupported claims against the defendants including false imprisonment, assault and battery, negligent hiring, training and supervision, and intentional infliction of emotional distress. Plaintiff never served Ms. Dorgan or Mr. Hopson, nor has he served the City of Berkeley, the Berkeley Police Department, or Officer Kaplan. Plaintiff alleges five causes of action against Apple: the second, third, fourth, eighth, and ninth. All of the other causes of action are claims exclusively against the City of Berkeley, its police department, or Officer Kaplan.

The conclusory allegations of the FAC do not sufficiently state facts to demonstrate his entitlement to relief for any of his claims against Apple. As we demonstrate below, the entire

---

[1] Upon information and belief, the serial number associated with Plaintiff's MacBook Pro was discovered to be registered to another Apple customer.

[2] The encounter at the Apple store was apparently not the only time the Plaintiff was involved in some event at a retail store resulting in his removal from a store, arrest and being taken to a psychiatric facility. According to a "Certification" (similar to a declaration) filed in this case by his former counsel, Mr. Gray was involved in an incident at a Target store in Manalapan, New Jersey "where the police were called and [he] was escorted out of the store and subsequently taken into custody[,] arrested and involuntarily confined to a mental institution." ECF No. 5, Certification in Opposition to Target's Motion to Quash at 2.

- 2 -
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT APPLE INC'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

complaint should be dismissed against Apple:

- Plaintiff's §§ 1981 and 1982 discrimination claims (counts 2 and 3) must be dismissed because the FAC lacks facts alleging that Apple or its employees intended to discriminate against Plaintiff.

- Plaintiff's §1985(3) claim (count 4) likewise requires dismissal because the FAC does not include any facts suggesting that Apple harbored a racial animus towards Plaintiff or that Apple agreed with any other party to inflict harm on Plaintiff.

- Plaintiff's negligent hiring, training, and supervision claim (count 8) must be dismissed because the FAC includes no facts suggesting that Apple knew or had reason to know that its employees might discriminate against a person in the course of its business.

- Plaintiff's intentional infliction of emotional distress claim (count 9) requires dismissal because the FAC does not indicate that Apple or its employees engaged in any outrageous conduct.

Additionally, although never served with a summons or the original or First Amended complaints, the claims against defendants Dorgan and Hopson should be dismissed under Federal Rule of Civil Procedure 12(b)(5).

The plaintiff has already amended his complaint and has had two sets of attorneys representing him. He has had ample opportunity to allege facts to support his claims and to serve the defendants he named. As he has done neither, the First Amended Complaint should now be dismissed.

## II.   PROCEDURAL HISTORY

This case may be new to this Court, but it has existed in the District of New Jersey since December, 2013. Despite the age of this case, the only defendant that has been served is Apple Inc.

Apple originally filed a Motion to Dismiss on May 12, 2014. Plaintiff's counsel withdrew, and the court administratively terminated Apple's motion without prejudice to afford Plaintiff an opportunity to retain new counsel or decide to proceed *pro se*. ECF No. 21, Order at

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 3 -
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT APPLE INC'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

1. For over a year, Plaintiff appeared unprepared, or at times failed to appear at all, at several court-ordered conferences. The Court issued an Order to Show Cause for Plaintiff to explain "why this matter should not be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41 and why sanctions in the form of attorneys' fees should not be imposed pursuant to Fed. R. Civ. P. 16(f) for Plaintiff's failure to appear at Court conference and comply with Court Orders." ECF No. 27, Order at 2. Plaintiff finally secured new counsel on November 5, 2015. ECF No. 44, Substitution of Attorney at 1.

On December 10, 2015, Apple again moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction and Fed. R. Civ. P. 12(b)(6) for failure to state a claim, and, in the alternative, requested that this action be transferred to the United States District Court for the Northern District of California. Apple also moved to dismiss the FAC against its store employees for lack of service of complaint, pursuant to Fed. R. Civ. P. 12(b)(5). In response, Plaintiff's new counsel did not oppose Apple's motion to dismiss Counts 1, 5, 6, and 7 of the FAC, advising the New Jersey District Court that those counts were brought exclusively against the Berkeley Police Department and Officer Kaplan. ECF No. 50, Opposition at 6. In addition, Plaintiff's counsel stated that Plaintiff did not oppose the motion to dismiss the two Apple store employees, admitting he had never served them with the complaint and that "they are not viable defendants at this time." *Id.*

On August 3, 2016, the New Jersey District Court granted the Apple Defendants' motion and ordered this action transferred to the Northern District of California. The court did not reach the merits of Apple's motion under Fed. R. Civ. P. 12(b)(6) or the 12(b)(5) motion. ECF No. 53, Order at 1. Apple now renews its motion to dismiss the First Amended Complaint.[3]

---

[3] Plaintiff still has not served Ms. Dorgan and Mr. Hopson, so they are not parties to this action, but the FAC should be dismissed as to those defendants pursuant to Fed. R. Civ. P. 12(b)(5).

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 4 -
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT APPLE INC'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

### III. STATEMENT OF FACTS

Plaintiff Terrell Gray initiated this action in the District of New Jersey on December 3, 2013. He filed a FAC on March 11, 2014. Defendants named are Apple Inc., two Apple employees who have not been served (Kelly Dorgan and Greg Hopson), the City of Berkeley, the Berkeley Police Department, and Officer Timothy Kaplan.

In summary, Plaintiff's claimed factual allegations are as follows[4]: in December 2012, Plaintiff ordered an Apple MacBook Pro from Best Buy. FAC, ¶ 18, 22. When the MacBook Pro arrived, he discovered that its screen was cracked. *Id.*, ¶ 18. He contacted Apple's customer service line and was directed to bring his MacBook Pro to a retail location so that it could be replaced. *Id.*, ¶ 21.

Plaintiff alleges that he brought his damaged MacBook Pro to Apple's Berkeley, California store on December 30, 2012. *Id.*, ¶ 22. There, he spoke to an Apple employee. The employee refused to process the exchange because he believed that the MacBook Pro had been stolen. *Id.*, ¶ 28.[5] While arguing with the employee regarding what he now claims was a promised exchange, Plaintiff saw that a Caucasian customer "purchased and/or returned Apple's merchandise in the Fourth Street location at or around the time Plaintiff was in the store." *Id.*, ¶ 36. Plaintiff alleges that an Apple employee called the police based on suspicion of theft, which resulted in his removal from the store. *Id.*, ¶¶ 31-32, 38. The Complaint indicates that rather than take Plaintiff to the police station, the responding officers called an ambulance which took him to John George Hospital, a psychiatric facility. *Id.*, ¶¶ 35-38.

Plaintiff further alleges that on January 1, 2013, the same day that he was released from the psychiatric facility; he went back to the Berkeley Apple store seeking again to return the MacBook Pro. *Id.*, ¶ 40. The Apple employees again called the police, and Plaintiff was arrested again. *Id.*, ¶¶ 40-41. He remained in police custody until January 5, 2013, when he was

---

[4] Apple does not admit the accuracy of any facts alleged by Plaintiff.

[5] Plaintiff's "facts" have changed since the original complaint. Originally, he alleged the store employee offered to "repair the cracked screen at no cost." (Original Complaint at ¶ 26.)

- 5 -
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT APPLE INC'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

transferred back to the John George Psychiatric Facility. *Id.*, ¶ 43. He continued to be institutionalized there until January 22, 2013. *Id.*, ¶ 44. Upon his release, he returned to New Jersey, where he was institutionalized again for over two months at the Trenton Psychiatric Hospital. *Id.*, ¶ 45. Plaintiff claims the MacBook Pro was later returned by a woman of undisclosed race and nationality. *Id.*, ¶ 46.

## IV. ARGUMENT

### A. PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

This lawsuit should be dismissed against Apple because Plaintiff's FAC fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The standard is well-known: to survive a motion to dismiss, the complaint must be supported by facts which "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Id.* at 678 (*quoting Twombly*, 550 U.S. at 555). If "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]' – 'that the pleader is entitled to relief." *Id.* at 679.

Plaintiff's complaint, however, contains only conclusory allegations against Apple, not facts required to support his causes of action.

#### 1. Plaintiff's 42 U.S.C. §§1981 And 1982 Claims (Counts 2 and 3)

Claims pursuant to §§1981 and 1982 require the plaintiff to plead facts demonstrating that the defendant intended to discriminate against him on the basis of race or skin color and that discrimination occurred. *See Sims v. City & Cty. of San Francisco*, No. 14-cv00576 SI, 2015 WL 1351143, at *5 (N.D. Cal. Mar. 25, 2015) (Section 1981 claim requires that a plaintiff demonstrate that: (1) he is a member of a racial minority; (2) he was intentionally discriminated against based on race; and (3) the discrimination concerned an activity enumerated in the statute; *W. Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1527 (9th Cir. 1990) ("Racial discrimination must be shown to state a colorable Section 1982 claim.").

Schiff Hardin LLP
Attorneys At Law
San Francisco

- 6 -
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT APPLE INC'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Here, Plaintiff fails to plead racial animus, intent to discriminate, or any actual occurrence of discrimination. Plaintiff's FAC contains only legal conclusions, but no factual demonstrations that Apple intentionally discriminated against him on the basis of race. For example, he states that he "was wrongfully targeted for suspicion of theft of his MacBook Pro based on his race (African-American) and/or color (Black), and subjected to civil rights violations, discrimination and other unlawful conduct at Apple's store R14 at 1823 Fourth Street, Berkeley, California." FAC, ¶16, but he pleads no facts supporting this conclusion. He alleges that Apple has "corporate-wide policies and practices" requiring "security personnel [to] target people of color for surveillance as soon as they enter Apple stores." FAC, ¶ 15. Again, he alleges no facts to support this conclusion. The Court must disregard the conclusory statements because they are unsupported by the facts pled in the Complaint.[6] *Ashcroft*, 556 U.S. at 677. ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

Instead, Plaintiff alleges the following, which do not state claims for violation of the statutes or torts. He alleges:

- He entered the Apple store on December 30, 2012. FAC, ¶12.
- He attempted to exchange his MacBook Pro. *Id.*, ¶¶ 26-27.
- The Apple employee, believing that the MacBook Pro had been stolen, refused to process the exchange. *Id.*, ¶¶ 27-28.
- Apple called the police and requested Plaintiff's removal from the store. *Id.*, ¶¶ 31-2.
- Plaintiff saw a Caucasian customer either purchase or return an Apple product while he was attempting to make his exchange. *Id.*, ¶ 36.
- Plaintiff returned to the same Apple store on January 1, 2013. Apple employees called the police, and Plaintiff was arrested again. *Id.*, ¶¶ 40-41.

---

[6] Plaintiff alleges that Apple has "company-wide practice of discrimination" two other times in the FAC, also without providing any facts supporting this conclusion. FAC, ¶¶ 17, 37.

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 7 -
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT APPLE INC'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Nowhere does he allege *facts* showing that Apple's refusal to accept his return was due to his status as an African-American or his skin color. Instead, he directly alleges that Apple's refusal to accept the return and its subsequent call to the police was based on its employees' belief that Plaintiff had stolen the MacBook Pro. *Id.*, ¶ 36.

Plaintiff does not plead a single comment or action on the part of the Apple employees demonstrating any kind of racial animus or intent to discriminate. *Evans V. McKay*, 869 F.2d 1341, 1345 (9th Cir. 1988) (the allegation of overt acts and racist remarks were sufficient under § 1981). The FAC, however, does support Plaintiff's allegation that the Apple employees believed the laptop to be stolen, and that they based their subsequent call to the police on that belief. *Id.*, ¶ 28.

The only fact that Plaintiff relies upon to suggest the occurrence of discrimination is that a "White/Caucasian customer purchased and/or returned Apple's merchandise in the Fourth Street location at or around the time Plaintiff was in the store." *Id.*, ¶ 36. This allegation is insufficient to plausibly allege discrimination. Indeed, a plaintiff's personal belief of discrimination, without factual support, is insufficient to satisfy federal pleading standards. *See Moralez v. Whole Foods Mkt. California, Inc.*, No. 14-CV-05022-EMC, 2016 WL 845291, at *2 (N.D. Cal. Mar. 4, 2016) (Plaintiff's allegation that there is "no other explanation for her disparate treatment" at Whole Foods did not satisfy federal pleading standards).

Plaintiff never alleges that the Caucasian customer was similarly situated to him. Nor does the Complaint contain facts suggesting that the nature of the white customer's transaction was similar to Plaintiff's such that race or skin color might be a motivation for the Apple Defendants' conduct. Without more, Plaintiff's §1981 and §1982 claims are unsupported by facts.

    2.    <u>Plaintiff's 42 U.S.C. §1985(3) Claim (Count 3)</u>

Plaintiff also fails to allege facts supporting a 42 U.S.C. §1985(3) claim against Apple. "The elements of a § 1985(3) claim are: (1) the existence of a conspiracy to deprive the plaintiff of the equal protection of the laws; (2) an act in furtherance of the conspiracy and (3) a resulting injury." *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1141 (9th Cir. 2000) (citation omitted).

Further, "[a] mere allegation of a conspiracy without factual specificity is insufficient." *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 626 (9th Cir. 1988).

Here, Plaintiff only alleges that Apple's employees called the police and assented to his removal from the store premises. These requests do not amount to an agreement to violate Plaintiff's constitutional rights. To the contrary, the FAC alleges that Apple's employees' communication with the police was motivated by their belief that Plaintiff had a stolen MacBook Pro. There is no factual allegation in the Complaint that Apple's employees called the police based on a racial or class based discriminatory animus. Therefore, Plaintiff's §1985(3) against the Apple Defendants should be dismissed.

### 3. Plaintiff's Claim for Negligent Hiring, Training and Supervision (Count 8)

Plaintiff's negligent hiring claim should also be dismissed for failure to plead any facts to support it. This claim requires a plaintiff to allege that the employer-defendant knew or had reason to know that its employee "because of his qualities, is likely to harm others in view of the work . . . entrusted to him." *Evan F. v. Hughson United Methodist Church*, 8 Cal. App. 4th 828, 836 (1992) (quotation omitted).

Plaintiff in this case pleads no facts suggesting that Apple had any prior notice of any alleged discriminatory bias on the part of the two employees. Moreover, Plaintiff alleges no facts showing that Apple or its employees did discriminate against him. Therefore, Plaintiff has not demonstrated that Apple may have breached a duty to prevent its employees from engaging such behavior.

### 4. Plaintiff's Intentional Infliction of Emotional Distress Claim (Count 9)

Finally, Plaintiff's claim against Apple for intentional infliction of emotional distress also fails. California law requires a plaintiff to establish the following elements in an intentional infliction of emotional distress claim: "(1) that the defendant's conduct was outrageous, (2) that the defendant intended to cause or recklessly disregarded the probability of causing emotional distress, and (3) that the plaintiff's severe emotional suffering was (4) actually and proximately caused by defendant's conduct." *Austin v. Terhune*, 367 F.3d 1167, 1172 (2004). Mere annoyances and petty oppressions do not rise to the level of outrageous conduct. *Cochran v.*

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 9 -
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT APPLE INC'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

*Cochran*, 65 Cal. App. 4th 488, 496 (1998) ("the tort does not extend to 'mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.'") (citation omitted).

Plaintiff's conclusion that Apple's conduct rose to an outrageous level fails in the absence of any facts in that regard. Instead, Plaintiff merely alleges that Apple's employees declined his request to accept the return of a MacBook Pro and called the police when they suspected the computer was stolen. For this reason, this claim also warrants dismissal.

### B. PLAINTIFF'S CLAIMS AGAINST KELLY DORGAN AND GREG HOPSON SHOULD BE DISMISSED FOR INSUFFICIENT SERVICE

Pursuant to Federal Rule of Civil Procedure 4(c)(1), a plaintiff must serve its defendant with the summons and complaint. Fed. R. Civ. P. 4(c)(1) ("A summons must be served with a copy of the complaint."). When plaintiff fails to accomplish this service, the action should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(5). Plaintiff has not served Dorgan or Hopson with the Summons or Complaint (or FAC). Therefore, Plaintiff's claims against both must be dismissed.

### V. CONCLUSION

The Apple Defendants respectfully request that this Court dismiss Plaintiff's First Amended Complaint against them with prejudice, pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6).

Dated: September 28, 2016

SCHIFF HARDIN LLP

By: _____
Eliot S. Jubelirer
Grayson William Marshall III
Attorneys for Defendant
Apple Inc.

NY\53112666.1

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 10 -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT APPLE INC'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

*Gray v. Apple Inc.*
USDC N. Cal. Case No. 3:16-cv-04421-TEH

# PROOF OF SERVICE

I, the undersigned, certify and declare as follows:

I am over the age of eighteen years and not a party to this action. My business address is One Market, Spear Street Tower, 32nd Floor, San Francisco, California. On the date stated below, at San Francisco, California, I served the attached document(s) on the parties in this action as follows:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT APPLE INC.'S MOTION TO DISMISS**

☒ By electronically serving the document(s) listed above on the recipients designated on the Transaction Receipt located on the PACER website.

I declare under penalty of perjury that the above is true and correct. Executed this 29th day of September, 2016, at San Francisco, California.

_____
Anne E. Stenzel

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PROOF OF SERVICE