UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERELL GRAY,<br>        Plaintiff,<br>   v.<br>APPLE INCORPORATED, et al.,<br>        Defendants. | Case No.16-cv-04421-HSG<br><br>**ORDER DENYING MOTION TO DISMISS FOR FAILURE TO PROSECUTE AND GRANTING MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**<br><br>Re: Dkt. No. 64, 70 |

Pending before this Court are Defendant Apple Incorporated's motion to dismiss the complaint for failure to prosecute, Dkt. No. 70, and motion to dismiss for failure to state a claim. *See* Dkt. No. 64. For the reasons detailed below, the Court DENIES the motion to dismiss for failure to prosecute and GRANTS the motion to dismiss for failure to state a claim.

**I.  BACKGROUND**

    **A.  Factual Background**

Plaintiff Terrell Gray alleges several claims of racial discrimination under 42 U.S.C. §§ 1981, 1982, 1985(3), as well as negligent hiring, training and supervision, and intentional infliction of emotional distress against Defendant.

Plaintiff alleges that in December 2012, Plaintiff bought an Apple computer at BestBuy. Dkt. No. 4 ("FAC") ¶ 18. When it arrived with a cracked screen, Plaintiff contacted Apple's customer service who advised him to return it to a local Apple store. *Id.* 20–21. On December 30, 2012, Plaintiff went to an Apple store in Berkeley, California to do so. *Id.* ¶ 22.

An Apple employee was "unresponsive" to Plaintiff and refused to honor the return. *Id.* ¶¶ 24–27. Plaintiff attributes this refusal to the employee's unfounded belief that the computer was stolen. *Id.* ¶¶ 27–28. Police officers approached, asking the employee if he wanted Plaintiff

to leave. *Id.* ¶¶ 30–32. The employee said yes. *Id.* ¶ 32. The police officers then escorted Plaintiff from the store, handcuffed him, and took him to a local hospital. *Id.* ¶¶ 33–35. Plaintiff further alleges on information and belief that a white customer purchased or returned Apple products around the same time, without incident. *Id.* ¶¶ 37.

Two days later, Plaintiff returned to the same store to return his computer. *Id.* ¶¶ 40. The police were called again and arrested Plaintiff. *Id.* ¶ 41. Plaintiff was incarcerated and then transferred to a local hospital. *Id.* ¶ 42–44. Eventually an unidentified female successfully returned and exchanged Plaintiff's computer on his behalf. *Id.* ¶ 46. Plaintiff asserts that these incidents reflect Apple's company-wide practice "of racially profiling and targeting its customers of color." *Id.* ¶ 37. Plaintiff alleges that because of these incidents he suffered psychological trauma that required several months of in-patient treatment. *Id.* ¶ 45.

### B. Procedural Posture & Request to Withdraw as Counsel

Plaintiff initially filed this action on December 23, 2013, in the District of New Jersey, where Plaintiff is a resident. Although Plaintiff named two individuals, Kelley Dorgan and Greg Hopson, as well as the City of Berkeley and the Berkeley Police Department in this action, Plaintiff only served Apple, Inc.

In August 2016, the case was transferred to the Northern District of California because the underlying events occurred in Berkeley, California. Since that time, Plaintiff has endeavored, with the assistance of his New Jersey counsel, to find and retain new, local counsel. Plaintiff then decided to proceed pro se. He signed a motion to "substitute counsel" in December 2016, withdrawing his New Jersey attorneys, Javonna C. Baker and Tracey S. Cosby, as his counsel and agreeing to represent himself pro se. *See* Dkt. No. 86. The Court held a hearing on March 17, 2017, confirming that Plaintiff is now pro se and that has endeavored to represent himself since December 2016, filing a pro se opposition to Defendant's motion to dismiss for failure to prosecute on December 14, 2016. *See* Dkt. No. 75.

## II. MOTIONS TO DISMISS

Defendant filed both a motion to dismiss the complaint for failure to prosecute, Dkt. No.

70, and a motion to dismiss for failure to state a claim, Dkt. No. 64. The Court addresses each in turn.

### A. Failure to Prosecute

Under Federal Rule of Civil Procedure 41(b), the Court may dismiss a case for failure to prosecute if supported by a showing of unreasonable delay. *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). The Court must weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to Defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Id.*

Here, Defendant points to deadlines Plaintiff has missed and the age of this case as reasons to dismiss for failure to prosecute. Although the Court acknowledges that this case has advanced slowly, much of the delay is attributable to Plaintiff's attempt to retain new counsel in the Northern District of California. However, Plaintiff has since decided to proceed *pro se* and he is now advancing his case. Since signing a substitution of counsel document withdrawing his New Jersey counsel from the case, Plaintiff has filed a lengthy letter brief defending this case against Defendant's motions to dismiss. *See* Dkt. No. 75. Accordingly, the Court DENIES the motion to dismiss for failure to prosecute. The Court cautions Plaintiff that he is now representing himself and will be held accountable for all Court deadlines moving forward.

### B. Failure to State a Claim

Under Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although courts do not require "heightened fact pleading of specifics," *Twombly*, 550 U.S. at 570, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

3

1  will not do," *id.* at 555. Rather, the plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Id.*

"Pleadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). For that reason, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation omitted). Further, "[i]n civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).

Here, the amended complaint contains only conclusory allegations that are insufficient to support any of Plaintiff's claims against Defendant. The Court accordingly GRANTS Defendant's motion to dismiss.

### 1. Sections 1981 and 1982

Section 1981 protects the right of all persons "to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens . . . ." 42 U.S.C. § 1981(a). Section 1982 similarly protects the right of all citizens "to inherit, purchase, lease, sell, hold, and convey real and personal property." 42 U.S.C. § 1982. In order to state a claim under either section, Plaintiff must allege that Defendant intentionally discriminated against Plaintiff on the basis of his race. *Evans v. McKay*, 869 F.2d 1341, 1344 (9th Cir. 1989) (Section 1981); *W. Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1527 (9th Cir. 1990) (Section 1982). Mere conclusory allegations of intentional discrimination will not suffice. *Iqbal*, 556 U.S. at 678. Rather, Plaintiff must allege some facts that plausibly give rise to an inference that race was the reason for Defendant's actions. *See Imagineering, Inc. v. Kiewit Pacific Co.*, 976 F.2d 1301, 1313 (9th Cir.1992), *abrogated on other grounds by Newcal Indus., Inc. v. Ikon Office Sol.*, 513 F.3d 1038, 1055 (9th Cir. 2008) ("Proof of intent to discriminate is necessary to establish a violation of section 1981."); *cf. Evans*, 869 F.2d at 1345 (finding sufficient "overt acts coupled with some direct evidence that the defendants' conduct was motivated by racial animus").

Here, the amended complaint lacks any facts suggesting that Apple or its employees

4

intended to or actually did discriminate against Plaintiff. Instead Plaintiff generically concludes, without any factual support, that Defendant has "corporate-wide policies and practices" that "requir[e] security personnel [to] target people of color for surveillance as soon as they enter Apple stores." FAC ¶ 15; *see also* FAC ¶ 36. Plaintiff also points out that a white customer either returned or purchased Apple merchandise during the same time Plaintiff attempted to return his computer, FAC ¶ 36, and that ultimately someone else successfully returned Plaintiff's computer. *Id.* ¶ 46. Yet Plaintiff does not allege sufficient detail about either of these transactions to plausibly support an inference that Plaintiff's race triggered Defendant's treatment of him. Plaintiff has not alleged sufficient facts to support the conclusion that Defendant intentionally discriminated against Plaintiff on the basis of his race.

### 2. Section 1985

To state a cause of action under § 1985(3), Plaintiff must allege: (1) a conspiracy; (2) to deprive a person of equal privileges under the law; (3) an act by one of the conspirators in furtherance of the conspiracy; and (4) a resulting injury. *Gillespie v. Civiletti*, 629 F.2d 637, 641 (9th Cir. 1980).

To satisfy the first element of a § 1985 conspiracy claim, the conspiring parties "must have reached a unity of purpose or common design and understanding, or a meeting of the minds in an unlawful arrangement." *Gilbrook v. City of Westminister*, 177 F.3d 839, 856 (9th Cir. 1999) (quotation omitted). This requires that "each participant . . . at least share the common objective of the conspiracy." *Id.* (quoting *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1514 (9th Cir. 1989) (en banc)) (quotation omitted). Failure to allege the existence of a conspiracy may be grounds for dismissal. *See e.g.*, *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 929–30 (9th Cir. 2004) (affirming a motion to dismiss § 1985 claim where the plaintiff failed to discuss any agreement between the defendants).

To satisfy the second element of a § 1985 conspiracy claim, a plaintiff must both identify a legally protected right and demonstrate that "deprivation of that right [was] motivated by some racial, or perhaps otherwise class-based, invidiously discriminatory animus." *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992). Failure to allege "a racially or class-based,

5

invidiously discriminatory animus behind the actions" at issue may serve as the basis for dismissal. *See e.g.*, *Gillespie*, 629 F.2d at 641.

Plaintiff has done little more than repeat the elements of a § 1985 claim. Like the §§ 1981 and 1982 claims, Plaintiff has failed to provide factual support for his conclusion that Defendant discriminated against him due to his race in violation of his constitutional rights. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 989 (9th Cir.), *amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001) ("[A]n indispensable element of a claim under 42 U.S.C. § 1985(3) is some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirator's action . . . .") (quotation omitted).

This claim also fails because Plaintiff has not sufficiently alleged that Defendant conspired with anyone to violate his civil rights. Plaintiff generically alleges that "there has been a corrupt agreement between and among all Defendants and others to deprive African-American/Black [*sic*] of the equal protection of the laws and/or the equal privileges and immunities under the laws." FAC ¶ 66. From what the Court can discern, Plaintiff suggests that Defendant has conspired with local police departments to "disproportionately" accuse and arrest non-white customers of shoplifting and credit card fraud. *See id.* ¶ 67. The complaint, however, provides no detail about the agreement (or even any plausible basis for concluding that such an agreement exists). Plaintiff's complaint does not even specifically identify the parties to the alleged conspiracy. These allegations are insufficient to show the existence of a conspiracy and to state a claim under § 1985.

### 3. State Law Claims

Plaintiff also brought two state law claims against Defendant for negligent hiring and intentional infliction of emotional distress. Both claims fail.

Plaintiff's negligent hiring claim fails because the complaint does not allege any facts that Defendant knew or should have known that its employees might discriminate against a customer. Under California law, claims for negligent supervision, training, and hiring require Plaintiff to allege that an employer "knew or should have known that hiring the employee created a particular risk or hazard and that particular harm materializes." *Phillips v. TLC Plumbing, Inc.*, 172 Cal.

App. 4th 1133 (Cal. Ct. App. 2009) (quotation omitted). As discussed above, Plaintiff has not even plausibly alleged that any employee actually discriminated against Plaintiff, let alone that Defendant's policies and practices permitted such discrimination.

Finally, Plaintiff's intentional infliction of emotional distress claim fails because the amended complaint does not allege that Defendant engaged in any outrageous conduct. To state a claim for intentional infliction of emotional distress, Plaintiff must show: (1) Defendant engaged in outrageous conduct; (2) with intent or reckless disregard of the probability of causing emotional distress; (3) Plaintiff suffered severe or extreme emotional distress; and (4) such distress was caused by Defendant's outrageous conduct. *Huntingdon Life Scis., Inc. v. Stop Huntingdon Animal Cruelty USA, Inc.*, 129 Cal. App. 4th 1228, 1259 (Cal. Ct. App. 2005). To be considered "outrageous," Defendant's conduct "must be so extreme as to exceed all bounds of that usually tolerated in a civilized society." *Id.* As currently pled, Defendant did not accept the computer because an employee had an "unfounded suspicion that the computer had been stolen." FAC ¶ 28. That suspicion, even if inaccurate, would also explain why Defendant assented to the police escorting Plaintiff out of the store. This is not the kind of "outrageous" conduct that is necessary to support an intentional infliction of emotional distress argument.

## III. CONCLUSION

For the foregoing reasons, the Court DISMISSES Plaintiff's complaint with leave to amend. The Court notes that the other defendants in this case have not been served. Under Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time." As it has now been over three years since the complaint was filed, the Court dismisses the action as to Kelley Dorgan, Greg Hopson, the City of Berkeley, and the Berkeley Police Department. *See* Dkt. No. 64-1 at 10 (Defendant moving to dismiss unserved defendants for failure to comply with Federal Rule of Civil Procedure 4).

If Plaintiff elects to file a second amended complaint, he must do so by no later than May 31, 2017. Failure to file an amended complaint by this deadline may result in the dismissal of the

7

action without leave to amend.  The Court further advises Plaintiff that this action may be subject to dismissal without leave to amend if he fails to cure the identified deficiencies.  *See Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010).  In any amended complaint, Plaintiff should clearly set forth each legal claim and the facts supporting such claims.

**IT IS SO ORDERED.**

Dated: 5/3/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge