UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERELL GRAY,<br>　　　　Plaintiff,<br>　v.<br>APPLE INCORPORATED, et al.,<br>　　　　Defendants. | Case No. 16-cv-04421-HSG<br>**ORDER DISMISSING CASE**<br>Re: Dkt. Nos. 91, 92 |

On May 3, 2017, the Court dismissed Plaintiff's case for failure to state a claim. Dkt. No. 90. His amended complaint was due by May 31, 2017. *See id.* at 3. In the order, the Court cautioned Plaintiff, now pro se, that he would be held accountable for all future deadlines. *See id.* Plaintiff did not file a second amended complaint, nor did he request more time to do so. The Court issued an order to show cause why the case should not be dismissed. Dkt. No. 91. In response, Plaintiff stated that he is receiving mental health treatment and still has not obtained legal counsel. *See* Dkt. No. 92. He requested that the Court stay the case indefinitely. *Id.*

A court may dismiss a claim for failure to prosecute or for failure to comply with a court order after weighing the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). A court has discretion to dismiss an action under Rule 41(b) with or without prejudice. *See Al–Torki v. Kaempen*, 78 F.3d 1381, 1385 (9th Cir. 1996).

Here, the first two factors, the public's interest in expeditious resolution of litigation and the Court's need to manage its docket, weigh in favor of dismissal. This case has been pending

since 2013, and was transferred to this district in August 2016. In that time, Plaintiff has had ample opportunity to advance his case and to find legal counsel. But Plaintiff has been searching for new counsel for almost a year and has missed Court-imposed deadlines in the interim. *See* Dkt. Nos. 54, 66 at 3. By Plaintiff's own admission, he does not want to pursue this case right now. *See* Dkt. No. 92. The Court cannot allow this case to languish indefinitely.

The third factor, risk of prejudice to the Defendants, also weighs in favor of dismissal. There is a rebuttable presumption of prejudice to a defendant that arises when a plaintiff unreasonably delays litigation. *In re Eisen*, 31 F.3d 1447, 1452–53 (9th Cir. 1994). As the Court explained above, Plaintiff's delays — including the future delays that will result from Plaintiff's ongoing inability to obtain counsel and his desire to pause the case indefinitely — are unreasonable.

The fourth factor, public policy favoring disposition of cases on their merits, generally weighs against dismissal. Nevertheless, here, the Court has no reason to believe that this case will proceed to trial. Plaintiff has stated that he cannot move forward with the case until he obtains legal counsel, but there is little reason to believe that he will ever find counsel.

Lastly, the fifth factor, availability of less drastic sanctions, also weighs in favor of dismissal. As stated above, this case simply is not moving toward resolution. Without new counsel representing Plaintiff, the case apparently cannot be resolved, nor can the Court fashion a lesser sanction. Accordingly, the Court DISMISSES the case without prejudice. The clerk is directed to enter judgment in favor of Defendants and against Plaintiff and to close the case.

**IT IS SO ORDERED.**

Dated: 6/19/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge